IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| TELEFONAKTIEBOLAGET LM ERICSSON,<br><br>*Plaintiff*,<br><br>v.<br><br>LENOVO (UNITED STATES) INC., LENOVO (SHANGHAI) ELECTRONICS TECHNOLOGY CO., LTD., LENOVO BEIJING, LTD., LENOVO GROUP, LTD., MOTOROLA (WUHAN) MOBILITY TECHNOLOGIES COMMUNICATION CO., LTD., AND MOTOROLA MOBILITY LLC,<br><br>*Defendants*. | C.A. No. 5:23-cv-00569-BO-RJ |

**MEMORANDUM IN SUPPORT OF LENOVO US'S
MOTION FOR MANDATORY STAY OF PATENT CLAIMS
PURSUANT TO 28 U.S.C. § 1659**

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | STATEMENT OF FACTS | 2 |
| III. | LEGAL STANDARD | 3 |
| IV. | ARGUMENT | 3 |
| V. | CONCLUSION | 5 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Humanscale Corp. v. CompX Int'l Inc.*,
 No. 3:09-CV-86, 2009 WL 1444312 (E.D. Va. May 21, 2009) .................................................5

*Polymer Tech. Sys., Inc. v. ACON Lab'ys., Inc.*,
 No. 18-CV-00805-H-JLB, 2018 WL 3388123 (S.D. Cal. July 11, 2018) ................................5

*In re Princo Corp.*,
 478 F.3d 1345 (Fed. Cir. 2007) ................................................................................................3

*In re Princo Corp.*,
 486 F.3d 1365 (Fed. Cir. 2007) ........................................................................................1, 4, 5

**Statutes**

28 U.S.C. § 1659 ....................................................................................................................1, 3, 4, 5

I.  **INTRODUCTION**

Lenovo (United States) Inc. and Motorola Mobility LLC (collectively, "Lenovo US") move for a mandatory stay of Counts I–IV of these proceedings under 28 U.S.C. § 1659. Counts V–VII are not subject to the mandatory stay and are not encompassed in this motion.

When requested by a respondent to an International Trade Commission ("ITC") proceeding who is also a defendant in district court, a stay of the district court proceedings is mandatory "with respect to any claim that involves the same issues involved in the proceeding." 28 U.S.C. § 1659(a). "The purpose of § 1659(a) was to prevent infringement proceedings from occurring 'in two forums at the same time.'" *See In re Princo Corp.*, 486 F.3d 1365, 1368 (Fed. Cir. 2007).[1]

Lenovo US, along with two other defendants[2] named in this case, are respondents in ITC proceedings filed by Telefonaktiebolaget LM Ericsson ("Ericsson"). The patent claims in this case involve the same issues in the ITC investigation as Ericsson asserts the same patents and infringement theories against Lenovo's products in both actions. Further, Lenovo US's request is timely made under the statute. Thus, because all of the requirements of § 1659 are met, Counts I–IV in this case must be stayed.

---

[1]  Ericsson also filed a second suit in this Court on October 11, 2023, C.A. No. 5:23-cv-00570, and subsequently filed a complaint before the ITC, asserting infringement of the exact same patents against an overlapping group of Lenovo defendants. Ex. 1 (*Certain Electronic Devices, Including Mobile Phones, Tablets, Laptops, Components Thereof, and Products Containing the Same*, Inv. No. 337-TA-1376, Verified Complaint (Oct. 12, 2023)). Lenovo is simultaneously moving for a mandatory stay of all counts pursuant to 28 U.S.C. § 1659 in that case (C.A. No. 5:23-cv-00570) pending resolution of the ITC investigation.

[2]  The four Lenovo ITC Respondents, named as both defendants in this case and as respondents before the ITC are: Lenovo (United States) Inc.; Lenovo Group, Ltd.; Motorola (Wuhan) Mobility Technologies Communication Co., Ltd.; and Motorola Mobility LLC. The two additional defendants named in this case are Lenovo entities.

## II. STATEMENT OF FACTS

On October 11, 2023, Ericsson filed a complaint alleging that Lenovo (United States) Inc., Lenovo (Shanghai) Electronics Technology Co., Ltd., Lenovo Beijing, Ltd., Lenovo Group, Ltd., Motorola (Wuhan) Mobility Technologies Communication Co., Ltd., and Motorola Mobility LLC infringe four patents. D.I. 1. The patents-in-suit are U.S. Patent No. 10,425,817 ("'817 patent"), U.S. Patent No. 10,306,669 ("'669 patent"), U.S. Patent No. 11,317,342 ("'342 patent"), and U.S. Patent No. 11,515,893 ("'893 patent"), all of which Ericsson contends are standard essential patents ("SEPs") for the 5G telecommunication standard. D.I. 1 at ¶¶ 33, 93, 107, 121, 135; *see also* Ex. 2 (*Certain Mobile Phones, Components Thereof, and Products Containing Same*, Inv. No. 337-TA-1375, Public Interest Statement of Complainant Telefonaktiebolaget LM Ericsson, at 2 (Oct. 11, 2023) (hereinafter, "Ericsson's PI Statement")).[3]

On the same day it filed the complaint in this case, Ericsson filed a complaint with the ITC, asserting infringement of the exact same patents and naming four of the six defendants in the district court case as respondents in the ITC investigation. Ex. 3 (*Certain Mobile Phones, Components Thereof, and Products Containing Same*, Inv. No. 337-TA-1375, Verified Complaint, ¶¶ 1–3 (Oct. 11, 2023) (hereinafter, "Ericsson's ITC Complaint")). The two defendants who are not named as respondents are Lenovo (Shanghai) Electronics Technology Co., Ltd. and Lenovo Beijing, Ltd. In both cases, Ericsson relies on the standards for 5G to allege that products compatible with 5G infringe the asserted patents. *Compare, e.g.*, D.I. 1, Ex. 4, *with* Ex. 4 (*Mobile Phones, Components Thereof, and Products Containing Same*, Inv. No. 337-TA-1375, Ex. 25, at

---

[3] In addition to Ericsson's patent infringement allegations (Counts I–IV), Ericsson also alleges various contract and F/RAND related allegations (Counts V–VII). Lenovo only seeks a stay of the patent infringement allegations at this time and will separately address the contract and F/RAND related allegations.

2–45) (relying on the same accused product and evidence to allege infringement of claim 1 of the '669 patent). The ITC instituted the investigation and published the notice of institution in the Federal Register on November 17, 2023. Ex. 5 (*Certain Mobile Phones, Components Thereof, and Products Containing Same*, Inv. No. 337-TA-1375, Notice of Institution of Investigation (Nov. 17, 2023)).

## III. LEGAL STANDARD

Congress enacted 28 U.S.C. § 1659 to guard against "the possibility that infringement proceedings may be brought against imported goods in two forums at the same time." *In re Princo Corp.*, 478 F.3d 1345, 1355 (Fed. Cir. 2007). The statute provides, in relevant part:

> In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court **shall stay**, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission….

28 U.S.C. § 1659(a) (emphasis added). The legislative history explains that the "issues" that would require invoking the mandatory stay "include questions of patent validity, infringement, and any defenses that might be raised in both proceedings." Ex. 6 (H.R. Rep. 103-826(I)), at 141.

## IV. ARGUMENT

Section 1659 requires that Ericsson's Counts I–IV be stayed in their entirety. *First*, two defendants in this case (Lenovo (United States) Inc. and Motorola Mobility LLC) are requesting the stay, and both are respondents in the ITC investigation. *See* Ex. 5. And the ITC investigation is being conducted under Section 337. *See id.*; 28 U.S.C. § 1659 (requiring that the ITC proceedings be "under section 337 of the Tariff Act of 1930").

*Second*, Counts I–IV in this case "involve[] the same issues" that are involved in the ITC investigation because Ericsson alleges infringement of the same four patents in both cases. Indeed,

3

Ericsson included overlapping claim charts, which purport to map the patent claims to the same accused product, in this case and the ITC investigation; the charts submitted to this court contain the same allegations as the ITC charts for the first claim of each asserted patent. *Compare* D.I. 1, Exs. 2, 4, 6, 8, *with* Exs. 4, 7–9 (claim charts submitted as Exhibits 24–27 of Ericsson's ITC Complaint). For example, Ericsson's two complaints rely on the same example for Lenovo's allegedly infringing product, the Motorola Edge+, with the same alleged proof. *See id.*; *see also* D.I. 1 at ¶¶ 97–98, 111–112, 125–126, 138–139 (all citing the Motorola Edge+ and Snapdragon 8 Gen 2 Mobile Platform specifications). At issue in each proceeding, then, is whether Lenovo products that are compatible with 5G infringe an identical set of patents based on the same theory of infringement. These identical issues will be addressed in both actions. Dual infringement proceedings like those brought by Ericsson are precisely the scenarios Congress had in mind when it established the mandatory stay under 28 U.S.C. § 1659. *See In re Princo Corp.*, 486 F.3d at 1368 ("The purpose of § 1659(a) was to prevent infringement proceedings from occurring 'in two forums at the same time.'" (*quoting* H.R. Rep. No. 103–826(I), at 141 (1994))).

*Third*, Lenovo US's request for the stay is timely. This motion for stay was filed on December 14, 2023, within 30 days of the date Lenovo US was formally named as a respondent in the ITC investigation Ericsson filed (which corresponds with the publication of the notice of the investigation in the Federal Register on November 17, 2023).

Because Lenovo US meets the requirements of § 1659, all "proceedings in the civil action with respect to any claim that involves the same issues," *i.e.*, Counts I–IV in this case, "shall be stayed." *See* 28 U.S.C. § 1659; *see also Humanscale Corp. v. CompX Int'l Inc.*, No. 3:09-CV-86, 2009 WL 1444312, at *2 (E.D. Va. May 21, 2009) (granting a motion to stay where "the claims and counterclaims related to the '097 Patent involve the same parties and issues as the ITC

Investigation—namely, whether the Defendants have infringed the '097 Patent and whether the '097 Patent is valid and enforceable"). This includes the unserved defendants and the two defendants not named in the ITC investigation, Lenovo Shanghai and Lenovo Beijing, because the same issues are raised in the district court and the ITC. *See In re Princo Corp.*, 486 F.3d at 1368; *Polymer Tech. Sys., Inc. v. ACON Lab'ys, Inc.*, No. 18-CV-00805-H-JLB, 2018 WL 3388123, at *2 (S.D. Cal. July 11, 2018) ("The scope of the ITC investigation involves the same patents and the same accused products as the allegation in Plaintiff's complaint in this action. Thus, the present action involves the same issues as the ITC investigation," including as to an unserved defendant also named as a respondent in the ITC) (citation omitted)). Any other conclusion would be contrary to the plain language of § 1659 and its purpose to "prevent infringement proceedings from occurring 'in two forums at the same time.'" *See Princo*, 486 F.3d at 1368.

## V.     CONCLUSION

For the reasons stated herein, Lenovo US respectfully requests that this Court issue a mandatory stay of Counts I–IV in this case pursuant to 28 U.S.C. § 1659, at least until the ITC investigation becomes final.

Dated: December 14, 2023                    Respectfully submitted,

*/s/ Raymond M. Bennett*

Raymond M. Bennett (NC Bar No. 36341)
**WOMBLE BOND DICKINSON (US) LLP**
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-2158
Ray.Bennett@wbd-us.com

Jacob S. Wharton (NC Bar No. 37421)
**WOMBLE BOND DICKINSON (US) LLP**
One West 4th St.
Winston-Salem, North Carolina 27601
Telephone: 919-747-6609
Jacob.Wharton@wbd-us.com

Greg S. Arovas, P.C.
Leslie M. Schmidt, P.C.
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: greg.arovas@kirkland.com
Email: leslie.schmidt@kirkland.com
*Special Appearance Pursuant to L.R. 83.1 Forthcoming*

Edward C. Donovan, P.C.
F. Christopher Mizzo, P.C.
**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5000
Facsimile: (202) 389-5200
Email: edonovan@kirkland.com
Email: chris.mizzo@kirkland.com
*Special Appearance Pursuant to L.R. 83.1 Forthcoming*

*Attorneys for Lenovo (United States) Inc. and Motorola Mobility LLC*