IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-00569-BO

| | |
|---|---|
| TELEFONAKTIEBOLAGET LM ERICSSON ) ) ) Plaintiff, ) v. ) ) LENOVO (UNITED STATES) INC.; ) LENOVO (SHANGHAI) ELECTRONICS ) TECHNOLOGY CO. LTD.; ) LENOVO BEIJING, LTD.; ) LENOVO GROUP, LTD.; MOTOROLA ) (WUHAN) MOBILITY TECHNOLOGIES ) COMMUNICATION CO., LTD; ) and MOTOROLA MOBILITY, LLC, ) ) Defendants. ) LENOVO (UNITED STATES) INC., and ) MOTOROLA MOBILITY, LLC, ) ) Counterclaim-Plaintiffs, ) ) v. ) ) TELEFONAKTIEBOLAGET LM ) ERICSSON, ERICSSON AB, and ) ERICSSON INC. ) ) Counterclaim-Defendants. ) | O R D E R |

On 14 December 2023, Defendants and Counterclaim Plaintiffs Lenovo (United States) Inc. and Motorola Mobility LLC moved to stay Plaintiff and Counterclaim Defendant Telefonaktiebolaget LM Ericsson's patent infringement claims under 28 U.S.C § 1659. [DE 22]. Ericsson does not oppose Lenovo's motion. [DE 49].

Section 1659 requires a district court to stay "any claim that involves the same issue" as a proceeding before the United States International Trade Commission if: the ITC proceedings are under section 337 of the Tariff Act of 1930; a responding party in ITC proceedings requests the stay; and the request comes within 30 days after either the naming of that party as a respondent in the ITC proceedings or the filing of the district court action. 28 U.S.C. § 1659(a).

Section 1659's requirements are satisfied here. Ericsson's ITC complaint is for an investigation under section 337 of the Tariff Act of 1930. Lenovo US and Motorola Mobility are both respondents and requested the stay within 30 days after being officially so named. The ITC proceedings concern the importation of products that allegedly infringe on the '817, '669, '342, and '893 patents, patents asserted in Counts I–IV of Ericsson's complaint in this action. *Compare* Notice of Institution of Investigation (No. 337-TA-1375), [DE 23-5] *with* Compl. ¶¶ 146–89, [DE 1]. What's more, the theory of infringement—that Lenovo's 5G products implement patents that infringe on Ericsson's 5G essential patents—is identical in both proceedings. Thus, the claims here implicate the same issues as the ITC investigation. *See, e.g.*, *Centripetal Networks, LLC v. Keysight Techs., Inc.*, No. 2:22-CV-00002, 2023 U.S. Dist. LEXIS 142014, at *7 (E.D. Va. Mar. 20, 2023).

Because Lenovo US and Motorola Mobility have satisfied § 1659, the Court must stay proceedings in this action as to Counts I–IV in Ericsson's complaint. Section 1659's command speaks categorically, tying the stay to the claims at issue in both proceedings. It effects a stay that applies to all defendants in this action regardless of whether they are respondents in the parallel ITC proceedings. *See Polymer Tech. Sys., Inc. v. ACON Lab'ys, Inc.*, No. 18-CV-00805, 2018 U.S. Dist. LEXIS 116580, at *6 (S.D. Cal. Jul. 11, 2018) (holding that plain language of § 1659(a) mandates a stay regardless of whether defendant's status).

2

The Court, therefore, **GRANTS** Lenovo's motion [DE 22] and **STAYS** proceedings in this matter on Counts I–IV of Ericsson's complaint until the determination of the United States International Trade Commission becomes final. Within 14 days of the final determination, Lenovo shall file a motion to lift the stay and included a copy of the final determination with its motion.

SO ORDERED, this 19 day of February 2024.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3